### DEAN *et al.* *v.* DRIGGS.

*(Supreme Court, General Term, First Department.* February 8, 1892.)

WAREHOUSEMEN—LIABILITIES—FALSE DESCRIPTION IN RECEIPT.

Laws 1858, c. 326, as amended by Laws 1866, c. 440, § 1, prohibits a warehouseman from issuing a receipt for goods not actually received. Section 6 provides that warehouse receipts may be transferred by indorsement, and that the transferee

shall be taken to be the owner of the goods specified therein so far as to give validity to any pledge, lien, or transfer made or created by him; and section 7 makes a warehouseman violating the act liable in damages to a person aggrieved. *Held,* that an indorsee for value of warehouse receipts purporting to be for Portland cement might recover from the warehouseman issuing the same, upon proof that the goods were not in fact Portland cement. 7 N. Y. Supp. 449, followed.

Appeal from circuit court, New York county.

Action by Robert J. Dean and William Wills against Marshall S. Driggs to recover for damages sustained by reason of false representations in warehouse receipts. The receipts purported to be for Portland cement, and plaintiff became a *bona fide* holder of them for value. From a judgment entered on a verdict for plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Affirmed. For former reports, see 5 N. Y. Supp. 947, *mem.;* 7 N. Y. Supp. 449.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*John Berry,* for appellant. *Hatch & Warren,* for respondents.

VAN BRUNT, P. J. Although I am of the opinion that a transferee of a warehouse receipt gets no greater or other rights thereunder than the person to whom it was originally issued, which seems to be clearly intimated in the case of *Whitlock* v. *Hay,* 58 N. Y. 487, yet, in view of the decision upon the previous appeal in this case, the judgment and order appealed from must be affirmed, with costs. I fail to find anything in the act[1] relating to warehousemen, wharfingers, and others, which make a warehouse receipt negotiable in any sense of the term. The language of the statute is that such receipts may be transferred by indorsement thereof, and any person to whom the same may be transferred shall be deemed and taken to be the owner of the goods, wares, and merchandise therein specified, so far as to give validity to any pledge, lien, or transfer made or created by such person or persons. In other words, the statute simply provides that the title to the property therein mentioned may be transferred by the indorsement and delivery of the warehouse receipt, which is far from making such a receipt negotiable in the sense in which the word is used when applied to commercial paper. Therefore it would seem, as intimated in the case of *Whitlock* v. *Hay, supra,* that all that the transferee of the warehouse receipt gets are the rights conferred upon the original holder of such receipt; and if such original holder, by reason of his own fraud, has no cause of action, it seems to follow that his transferee cannot maintain such action. The judgment should be affirmed, with costs.

O'BRIEN, J., concurs in the result.

[1] The act referred to is Laws 1858, c. 326, as amended by Laws 1866, c. 440, the material portions of which are as follows:

"§ 1. No warehouseman * * * shall issue any receipt * * * for merchandise * * * to any person * * * unless such * * * merchandise * * * shall have been actually received into * * * the store * * * of such warehouseman, * * * and shall be in the store * * * at the time of issuing such receipt. * * *"

"§ 6. Warehouse receipts * * * may be transferred by indorsement thereof, and any person to whom the same may be so transferred shall be deemed and taken to be the owner of the * * * merchandise therein specified, so far as to give validity to any pledge, lien, or transfer made or created by such person or persons.

"§ 7. Every person * * * aggrieved by the violation of any of the provisions of said act * * * may have * * * an action at law against the person violating any of the foregoing provisions * * * to recover all damages * * * sustained by reason of any such violation. * * *"